IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BROADCAST MUSIC, INC. *et al.*,           )
                                          )
       Plaintiffs,                       )
                                          )
v.                                        )      CIVIL NO. 08-040 (JDB)
                                          )
HUNAM INN, INC., d/b/a                    )
COBALT/30 DEGREES, *et al.*,              )
                                          )
                                          )
       Defendants.                       )

## JOINT RULE 16.3 REPORT

Pursuant to Local Rule 16.3 and Fed.R.Civ.P. 26(f), attorneys for the plaintiffs and the defendants conferred by telephone and e-mail on various dates up to and including April 9, 2008, and hereby submit the following succinct statement of all agreements reached and positions taken by the parties on matters about which there was disagreement:

TOPIC NO. 1: Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

POSITION OF PARTIES: No dispositive motions have yet been filed. Plaintiffs believe that certain issues will be amenable to disposal by dispositive motion. Defendants do not believe the case is subject to disposal by dispositive motion.

TOPIC NO. 2: The date by which any other parties shall be joined or the pleadings amended and whether some or all the factual and legal issues can be agreed upon or narrowed.

POSITION OF PARTIES: The parties agree that any motions to amend pleadings or add additional parties shall be made no later than 30 days after the Initial Scheduling Conference. The parties also agree that, while there are not yet any factual or legal issues that can be agreed

upon or narrowed, the parties will continue to discuss the possibility of stipulating to certain factual or legal issues as the case progresses.

TOPIC NO. 3: Whether the case should be assigned to a magistrate judge for all purposes, including trial.

POSITION OF PARTIES: The parties do not presently consent to the assignment of a magistrate judge.

TOPIC NO. 4: Whether there is a realistic possibility of settling the case.

POSITION OF THE PARTIES: The parties agree that there is a realistic possibility that this case will settle.

TOPIC NO. 5: Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

POSITION OF PARTIES: The parties agree that the case would benefit from a settlement conference with a magistrate judge. The parties further agree that an early settlement conference would be beneficial.

TOPIC NO. 6: Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions and replies; and proposed dates for a decision on the motions.

POSITION OF PARTIES: As stated in response to Topic No. 1, Plaintiffs believe that certain issues will be properly decided on summary judgment. Defendants do not agree that this case will likely be resolved on summary judgment. The parties agreed that any dispositive motions shall be filed no later than 30 days following the conclusion of discovery.

TOPIC NO. 7: Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

POSITION OF PARTIES: The parties have stipulated to exchange Rule 26(a)(1) initial disclosures within 30 days of the date the Court issues the Scheduling Order.

2

TOPIC NO. 8: The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all the discovery, including answers to interrogatories, document production, requests for admissions and depositions.

POSITION OF PARTIES: The parties agree that discovery should close in mid-September 2008. The parties agree that a protective order covering financial information will be appropriate in this case. The parties agree that the limits on discovery set forth in the local rules and the Federal Rules of Civil Procedure are appropriate except that given the number of named Plaintiffs, Defendants should be given an extra 5 depositions without having to obtain leave of Court.

TOPIC NO. 9: Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified and whether and when depositions of experts should occur.

POSITION OF PARTIES: The parties agree that the exchange of expert witness reports and information pursuant to Rule 26(a)(2), if any, shall occur no later than 45 days prior to close of discovery.

TOPIC NO. 10: In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and proposed date for decision.

POSITION OF PARTIES: Not applicable.

TOPIC NO. 11: Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

POSITION OF PARTIES: The parties agree that there is no need for bifurcation or exceptional case management.

TOPIC NO. 12: The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

POSITION OF PARTIES: The parties agree that the pretrial conference should take place in the middle of November, 2008.

TOPIC NO. 13: Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from the 30 to 60 days after that conference.

POSITION OF PARTIES: The parties agree that the Court should not set a firm trial date at the first scheduling conference, but should instead provide that a trial date will be set at the pretrial conference.

TOPIC NO. 14: Such other matters that the parties believe may be appropriate for inclusions in a scheduling order.

POSITION OF PARTIES: The parties have no other matters that they believe need to be included in the scheduling order at this time.

STATEMENT OF THE CASE:

A.  Plaintiffs:

Plaintiffs allege that Defendants infringed on various copyrights owned by Plaintiffs by playing certain songs in their establishments without having a license to play the songs. Plaintiffs further allege that the infringement was willful. Plaintiffs' Complaint therefore asserts eleven (11) individual claims for copyright infringement, based upon the Defendants' performing or broadcasting of 11 songs without a license. Plaintiffs seek damages, injunctive relief, and attorneys' fees and costs.

B.  Defendants:

Defendants contend that they purchased a commercial DMX subscription to provide music for their establishment. DMX, pursuant to an agreement with BMI, pays the royalties on its content on behalf of its commercial subscribers. Based on the understanding that DMX was providing licensed content, the Defendants did not renew their BMI license. Rather than contact Defendants to inquire about the lapsed license, the Plaintiffs sent a field agent to gather information to support the present action which is appended to the Complaint. Defendants

4

contend that the eleven songs alleged to be infringed were not played at their establishment. Upon information and belief, Defendants submit that the BMI field agent must have went to the wrong establishment and therefore Plaintiffs cannot meet their burden of proving Defendants infringed any copyrighted material in the BMI repertoire. BMI has accepted Defendants' license applications therefore Plaintiffs' request for injunctive relief is moot.

STATUTORY BASIS FOR ALL CAUSES OF ACTION AND DEFENSES:

    A.    Plaintiff:

The statutory basis for the Plaintiffs' causes of action is 17 U.S.C. § 101 *et seq.* and 28 U.S.C. § 1338(a).

    B.    Defendants:

The statutory basis for Defendants' affirmative defenses and defenses is 17 U.S.C. § 101 *et seq.*

                          Respectfully submitted,

| /s/ William Bradley | /s/ Mary C. Zinsner |
|---|---|
| William E. Bradley, DC No. 463695 | Mary C. Zinsner, DC Bar No. 430091 |
| Cahn & Samuels, LLP | Troutman Sanders LLP |
| 1100 17th Street, NW Suite 401 | 1660 International Drive, Suite 600 |
| Washington, DC 20036 | McLean, VA 22102 |
| (202) 331-8777 | (703) 734-4334 |
| FAX (202) 331-3838 | FAX (703) 734-4340 |
| | |
| Counsel for Defendants | John C. Lynch |
| | E. Kyle McNew |
| | Troutman Sanders LLP |
| | 222 Central Park Ave., Suite 2000 |
| | Virginia Beach, VA 23462 |
| | (757) 687-7765 |
| | FAX (757) 687-1504 |
| | |
| | Counsel for Plaintiffs |

#359524_1.DOC